**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Southern | |
|---|---|---|
| Name: Craig Smith | Prisoner No. O802783 | Case No. POLK COUNTY PCCE085059 |

Place of Confinement: Iowa State Penitentiary

Name of Petitioner (include name under which convicted): Craig Smith

Name of Respondent (authorized person having custody of petitioner): Chris Tripp (Warden of the Iowa State Penitentiary)

V.

RECEIVED JAN 0 3 2023 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF IOWA

Attorney General of the State of: IOWA

Tom Miller

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Polk County, Iowa

2. Date of judgment of conviction: 9-2-94

3. Length of sentence LWOP (life without parole)

4. Nature of offense involved (all counts): 1st Degree Murder

5. What was your plea? (Check one)
   a) Not guilty    X
   b) Guilty        ☐
   c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   NA

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   a) Jury          X
   b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐    No X

8. Did you appeal from the judgment of conviction?
   Yes X    No ☐

2

9. If you did appeal, answer the following:

    a) Name of court: Iowa Court of Appeals

    b) Result: Conviction Affirmed

    c) Date of result and citation, if known : State v. Smith 543 N.W.2d 619 (Iowa Ct. App. 1995)

    d) Grounds raised: Trial Counsel was ineffective for advising the Defendant to make inculpatory statements to Law Enforcement.

    e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court: Federal District Court for the Southern District of Iowa

        (2) Result: Affirmed

        (3) Date of result and citation, if known: see: Smith v. Rogerson, 171 F.3d 569 (8th Cir. 1999)

        (4) Grounds raised: Trial Counsel was ineffective by advising the defendant to make inculpatory statements to Law Enforcement.

    f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court: NA

        (2) Result

        (3) Date of result and citation, if known

        (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes X    No ☐

11. If your answer to 10 was "yes" give the following information:

    (a) (1) Name of court: Polk County District Court, Des Moines, Iowa

        (2) Nature of proceeding: Post Conviction Application

        (3) Grounds raised :

    1. Trial counsel was ineffective and acted in conflict of interests when he knowingly advised the defendant to violate his 5th Amendment right against self-incrimination, which left the defendant at the prosecution's mercy to prosecute him unjustly with a charge of 1st degree murder. **This violated the defendant's 5th, 6th & 14th Amendment rights under the United States Constitution, and Article 1 Sections 1, 9, & 10 of the Constitution of the State of Iowa.**

3

2. Trial counsel's representation was harmful and fell far below the standard of being effective and meaningful representation, and such conflict of interest and self destructive actions in counsel's representation highly prejudiced the defendant, and ultimately led to an unfair trial and proceedings. No competent Attorney would have committed such egregiously prejudicial decisions that the Defendant's trial counsel made, by incompetently advising the defendant to make a statement to the police, which was used against him. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

3. Trial counsel was ineffective and acted in conflict of interests when falsely communicated to the prosecution untrue statements, that the defendant had lied about the facts of his case and was going to commit perjury. This false information and statements by the defendant's counsel to the prosecution were prejudicial actions in direct conflict with the defendant's interests, and directly caused the defendant to lose his plea offer of Manslaughter, and eventually be charged and convicted unjustly and unfairly of 1st degree Murder. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

4. Trial counsel committed misconduct and illegally violated the defendant's 6th Amendment right to effective assistance of counsel under the United States Constitution, and the defendant's rights under Article 1 section 10 of the Constitution of the State of Iowa, by acting as an agent for the prosecution and committing fraudulent conveyances to the prosecution against the Defendant. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

5. Trial counsel was ineffective for failing to have a psychological examination of the defendant to verify that the defendant's diminished capacity. This denied the defendant the ability to have his case fairly presented to the jury and have a diminished capacity defense effectively argued and presented to the jury. This violated the Defendant's right to effective assistance of counsel and denied the defendant due process, meaningful access to the court, and a fair trial. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

6. Post-conviction counsel was ineffective for failing to correct the record from direct Appeal, where the deciding judges partially relied upon false evidence of facts in their decision to deny the defendant relief. It is an irrefutable fact that the defendant never confessed to murdering the victim to three female witnesses, which the judges somehow confused in their finding of facts, which they relied upon to justify the incompetence and ineffectiveness of the defendant's trial counsel. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

7. Counsel on direct appeal was ineffective for failing to argue properly how trial counsel greatly prejudiced the defendant, by giving the defendant advice that was blatantly harmful and of which no competent attorney would have reasonably conceived of doing. The egregious actions of trial counsel fell far below the range of normal competency of an attorney, and was clearly in conflict of the defendant's interests. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

8. Trial counsel was ineffective and acted in conflict of the defendant's interests by his incompetent actions of advising the defendant to make seemingly incriminating statements to police from Mr. Wellman's office. His actions effectively allowed for the prosecutor to pick and choose at their own leisure what they would charge the defendant with, even though the evidence was clearly was credible that the defendant's actions were not premeditated. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

9. Counsel on direct appeal was ineffective for failing to raise and argue that the prosecutor committed misconduct, for maliciously misleading the jury and fraudulently conveying to the jury that the defendant stabbed the victim numerous times, which was blatantly false. The marks left by the defendant's ring on his finger, could in no way be considered stab wounds, of which the prosecution state and created false evidence with. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

10. Trial counsel was ineffective for failing to object to the prosecutor maliciously and fraudulently stating and testifying to the jury that the defendant stabbed the victim numerous times, and compounded this incompetence by failing to present evidence from a forensic expert, which would have shown that the victim did not have stab marks, nor did the marks present any life threatening injuries. This would have exposed the prosecution's false inferences and self created testimonial evidence to be fraudulent and clearly unsubstantiated in any way. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

11. Trial counsel was ineffective and acted in conflict of the defendant's interests, by refusing/failing to present evidence of heat of passion, diminished capacity, and request an intoxication instruction. This incompetence was compounded by trial counsel's failure present evidence from a toxicologist, which would have given credibility to the defendant's diminished capacity and heat of passion defenses, if trial counsel would not have been grossly ineffective. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

12. Post conviction counsel was ineffective for failing to raise and argue that trial counsel was ineffective for failing to investigate options and present meaningful and available evidence for the defenses of diminished capacity and heat of passion. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

13. The ruling in **Allison** should be applied to me retroactively, and the defendant should receive a new trial due to the ineffectiveness of trial counsel, and counsel's harmful actions which were irrefutably in conflict of interests of the defendant. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

14. The ruling in **Allison** should be applied to the defendant retroactively, and the defendant should receive a new direct appeal, due to the ineffectiveness of the defendant's counsel on direct appeal. Counsel failed to properly research and investigate the Defendant's trial transcripts zealously and thoroughly to find, raise, and argue the numerous meritous issues of misconduct and errors of trial counsel and the prosecution, effectively depriving the defendant of meaningful access to the courts. **This violated the defendant's 1st, 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

15. The ruling in **Schmidt** should be applied to the defendant's case, as the defendant hereby asserts that he is innocent of the crime of First degree murder, that he was illegally and unjustly convicted of committing, and requests that the ruling in **Schmidt** and **Allison** be applied to him retroactively.

16. Post-conviction counsel was ineffective for failing to raise and argue, and present to the courts his acts of ineffectiveness on direct appeal. Post-conviction counsel used the defendant's post-conviction proceedings to conceal his errors and ineffectiveness on the defendant's direct Appeal. Post-conviction counsel failed to investigate and present newly discovered evidence in the form of expert testimony from a forensic Psychiatrist and a Forensic Toxicologist, whom both could have testified and presented ample and substantial evidence of the defendant's diminished capacity and heat of passion defenses, being that there already was testimony from the state's witnesses that the defendant was drinking alcoholic beverages prior to the alleged crime. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

17. Trial counsel was ineffective for failing to investigate and depose the police officers about their failure to test the defendant for alcohol intoxication or investigate to see if the defendant was under the influence, and compounded this egregious incompetence by failing to competently and zealously pursue investigations to verify the validity of the defendant's statement. The defendant was prejudiced by this incompetence, because his attorney advised statement was used with a malicious and unfair intent to revoke his plea offer and unjustly have the defendant charged with first degree murder. The failure of police to thoroughly investigate the validity of the defendant's statement was an malicious ploy used to illegally pave the way for the prosecutor to pursue a First Degree Murder charge, due to the police's malicious neglect in their investigation, meant to suppress any/all evidence favorable to the defendant and which would give validation to his statement, and supporting the plea offer of manslaughter, but due to the harmful actions of the defendant's counsel to represent him zealously, the defendant was subjected to an unfair trial and effective assistance of counsel. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

18. Trial counsel was ineffective for failing to have the defendant subjected to a competency hearing and a psychological evaluation, being that the defendant had a history of issues dealing with psychiatric competence and a limited intellectual capacity. Trial counsels' actions were incompetent and harmful to the defendant's interests. Counsel failed to perform actions that any/all competent attorneys would have mandatorily pursued, given the defendant's past and present mental state. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

(4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes      No X

(5) Result: denied

(6) Date if result: 1-6-20

(b) As to any second petition, application or motion give the same information:

(1) Name of court: Iowa Court of Appeals

(2) Nature of proceeding: Post Conviction Appeal

(3) Grounds raised:
1. The district Court erred in dismissing the Defendant's application as untimely.
2. The Defendant was denied effective assistance of Post Conviction counsel, when Post conviction counsel failed to take basic actions, such as investigating or arguing potential claims.
3. The Defendant was further denied effective assistance of Post Conviction counsel, when counsel failed to argue the jury did not find the defendant guilty beyond a reasonable doubt of acting "willfully, deliberately, and with premeditation.

7

4. The Defendant was further denied effective assistance of Post Conviction counsel, who failed to argue the Defendant's Due Process rights were violated by trial counsel's failure to request a competency evaluation in his care.
5. The Defendant is subject to an illegal sentence because the jury did not find him guilty of each element of the offense beyond a reasonable doubt.
6. The Defendant was illegally sentenced outside the court's statutory authority.
7. The Defendant's illegal sentence is grossly disproportionate to the crime of which he was found guilty beyond a reasonable doubt.
8. The defendant is subject to an illegal sentence in violation of his rights to Due Process and to be free of cruel and unusual punishment.

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes X    No ☐

(5) Result: denied

(6) Date of result: August 4, 2021

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes X    No ☐
(2) Second petition, etc.    Yes X    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to an unconstitutional search and seizure.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one:

**Supporting FACTS (state *briefly* without citing cases or law)**

Ground one: That there exists extraordinary circumstances in which the Defendant has been subjected to an illegal sentence and a conviction of a crime of which he is innocent of committing and of a crime in which every element of the crime was not proven beyond a reasonable doubt, in violation of United States Supreme Court law, and the 4th, 5th, 6th, 8th, and 14th Amendment under the United States Constitution, denying the Defendant Due Process and subjecting him to Cruel and Unusual Punishment, while violating the Equal Protection clause.

B. Ground two:

**Supporting FACTS (state *briefly* without citing cases or law)**

That the Defendant was denied Due Process, Equal protection, and subjected to Cruel and Unusual Punishment under Federal and State law, when the District court allowed him to be tried without having a competency hearing, and such error was compounded further by the Defendant's trial counsel's failure to request a competency hearing, especially when his trial counsel and appellate counsel personally believed that the defendant was incompetent and the presentence report verified what these attorneys, the prosecutor's office, and the District Court Judge already knew, that there was no way possible that the Defendant could assist in any meaningful way, his attorney with his defense, especially when clear evidence showed the Defendant possessed an IQ in the 60s, and was diagnosed as "Borderline Mental Retardation, Schizotypal Personality Disorder, and identified as being "Seriously Mentally Impaired". No effective attorney would have failed to have a competency hearing, and no competent, fair, and impartial trial Judge would allow a defendant whom is obviously very mentally challenged & irrefutably incompetent, to stand trial, be served up as an unknowing sacrifice and victim to be unlawfully and illegally convicted of 1st Degree murder, when even the evidence and circumstances of the case clearly show the defendant to be innocent of having committed. This egregious violation of every Federal and State law was further compounded because a Human Being(the Defendant), although severely mentally challenged, was taken advantage of by officers of the court (his attorney, the Judge, and the prosecutor) and illegally deprived of his life and liberty, and a fair trial, by nefarious actions which violate any and all standards of decency, by the inhumane prosecution and conviction of the Defendant, whom already at an insurmountable mental disadvantage, is subjected to cruel and unusual punishment, and blatant violations of his 4th, 5th, 6th, 8th, and 14th Amendment Rights under the United States Constitution, and Article 1 sections 6, 9, 10, and 17 of the Iowa Constitution, leaving the Defendant prejudiced by being a victim to overzealous and unfair prosecution and a trial that was unfair, unreasonable, and one-sided, without the Defendant being capable in any way to assist in his own defense.

C. Ground three:

**Supporting FACTS (state *briefly* without citing cases or law)**

The Defendant was denied effective assistance of counsel, when his trial acted in conflict of the defendant's interests, by relaying false information to the prosecution, which led to the prosecution rescinding their plea agreement offer of "Manslaughter", subjecting the Defendant to the unfair and unjust prosecution for 1st Degree Murder, which further compounded his victimization, as he was already clearly mentally challenged and exposed to traumatizing and mentally devastating abuse in the attempted sexual abuse by the supposed victim, and now he has suffered the ultimate abuse and cruel treatment by the courts and Judicial system by being deprived of his life and liberty, illegally, unfairly, and in violation of any/all laws aimed at the prevention of such egregious injustices of which the Defendant has been the victim. The actions and inactions of the Defendant's trial attorney violated his 4th, 5th, 6th, 8th, and 14th Amendment under the Constitution of the United States, and also violated Article 1 section 6, 9, 10, and 17 of the Constitution of the State of Iowa.

9

D. **Ground four:**
   **Supporting FACTS (state *briefly* without citing cases or law)**
   Trial counsel was ineffective and acted in conflict of interests when he knowingly advised the defendant to violate his 5th Amendment right against self-incrimination, which left the defendant at the prosecution's mercy to prosecute him unjustly with a charge of 1st degree murder. **This violated the defendant's 5th, 6th & 14th Amendment rights under the United States Constitution, and Article 1 Sections 1, 9, & 10 of the Constitution of the State of Iowa.**

E. **Ground five:**
   **Supporting FACTS (state *briefly* without citing cases or law**
   Trial counsel's representation was harmful and fell far below the standard of being effective and meaningful representation, and such conflict of interest and self destructive actions in counsel's representation highly prejudiced the defendant, and ultimately led to an unfair trial and proceedings. No competent Attorney would have committed such egregiously prejudicial decisions that the Defendant's trial counsel made, by incompetently advising the defendant to make a statement to the police, which was used against him. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

F. **Ground six:**
   **Supporting FACTS (state *briefly* without citing cases or law)**
   Post-conviction counsel was ineffective for failing to correct the record from direct Appeal, where the deciding judges partially relied upon false evidence of facts in their decision to deny the defendant relief. It is an irrefutable fact that the defendant never confessed to murdering the victim to three female witnesses, which the judges somehow confused in their finding of facts, which they relied upon to justify the incompetence and ineffectiveness of the defendant's trial counsel. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

G. **Ground seven:**
   **Supporting FACTS (state *briefly* without citing cases or law)**
   Counsel on direct appeal was ineffective for failing to argue properly how trial counsel greatly prejudiced the defendant, by giving the defendant advice that was blatantly harmful and of which no competent attorney would have reasonably conceived of doing. The egregious actions of trial counsel fell far below the range of normal competency of an attorney, and was clearly in conflict of the defendant's interests. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

### H. Ground eight:
**Supporting FACTS (state *briefly* without citing cases or law)**

Trial counsel was ineffective and acted in conflict of the defendant's interests by his incompetent actions of advising the defendant to make seemingly incriminating statements to police from Mr. Wellman's office. His actions effectively allowed for the prosecutor to pick and choose at their own leisure what they would charge the defendant with, even though the evidence was clearly was credible that the defendant's actions were not premeditated. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

### I. Ground nine:
**Supporting FACTS (state *briefly* without citing cases or law)**

Counsel on direct appeal was ineffective for failing to raise and argue that the prosecutor committed misconduct, for maliciously misleading the jury and fraudulently conveying to the jury that the defendant stabbed the victim numerous times, which was blatantly false. The marks left by the defendant's ring on his finger, could in no way be considered stab wounds, of which the prosecution state and created false evidence with. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

### J. Ground ten:
**Supporting FACTS (state *briefly* without citing cases or law)**

Trial counsel was ineffective for failing to object to the prosecutor maliciously and fraudulently stating and testifying to the jury that the defendant stabbed the victim numerous times, and compounded this incompetence by failing to present evidence from a forensic expert, which would have shown that the victim did not have stab marks, nor did the marks present any life threatening injuries. This would have exposed the prosecution's false inferences and self created testimonial evidence to be fraudulent and clearly unsubstantiated in any way. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

### K. Ground eleven
**Supporting FACTS (state *briefly* without citing cases or law)**

Trial counsel was ineffective and acted in conflict of the defendant's interests, by refusing/failing to present evidence of heat of passion, diminished capacity, and request an intoxication instruction. This incompetence was compounded by trial counsel's failure present evidence from a toxicologist, which would have given credibility to the defendant's diminished capacity and heat of passion defenses, if trial counsel would not have been grossly ineffective. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

L.  Ground twelve
    Supporting FACTS (state *briefly* without citing cases or law)
Post conviction counsel was ineffective for failing to raise and argue that trial counsel was ineffective for failing to investigate options and present meaningful and available evidence for the defenses of diminished capacity and heat of passion. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

M.  Ground thirteen:
    Supporting FACTS (state *briefly* without citing cases or law)
The ruling in **Allison** should be applied to me retroactively, and the defendant should receive a new trial due to the ineffectiveness of trial counsel, and counsel's harmful actions which were irrefutably in conflict of interests of the defendant. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

N.  Ground fourteen:
    Supporting FACTS (state *briefly* without citing cases or law)
The ruling in **Allison** should be applied to the defendant retroactively, and the defendant should receive a new direct appeal, due to the ineffectiveness of the defendant's counsel on direct appeal. Counsel failed to properly research and investigate the Defendant's trial transcripts zealously and thoroughly to find, raise, and argue the numerous meritorious issues of misconduct and errors of trial counsel and the prosecution, effectively depriving the defendant of meaningful access to the courts. **This violated the defendant's 1st, 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

O.  Ground fifteen:
    Supporting FACTS (state *briefly* without citing cases or law)
The ruling in **Schmidt** should be applied to the defendant's case, as the defendant hereby asserts that he is innocent of the crime of First degree murder, that he was illegally and unjustly convicted of committing, and requests that the ruling in **Schmidt** and **Allison** be applied to him retroactively.

P.  Ground sixteen
    Supporting FACTS (state *briefly* without citing cases or law)
Post-conviction counsel was ineffective for failing to raise and argue, and present to the courts his acts of ineffectiveness on direct appeal. Post-conviction counsel used the defendant's post-conviction proceedings to conceal his errors and ineffectiveness on the defendant's direct Appeal. Post-conviction counsel failed to investigate and present newly discovered evidence in the form of expert testimony from a forensic Psychiatrist and a Forensic Toxicologist, whom both could have testified and presented ample and substantial evidence of the defendant's diminished capacity and heat of passion defenses, being that there already was testimony from the state's witnesses that the defendant was drinking alcoholic

beverages prior to the alleged crime. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

Q. Ground seventeen:
   Supporting FACTS (state *briefly* without citing cases or law)

Trial counsel was ineffective for failing to investigate and depose the police officers about their failure to test the defendant for alcohol intoxication or investigate to see if the defendant was under the influence, and compounded this egregious incompetence by failing to competently and zealously pursue investigations to verify the validity of the defendant's statement. The defendant was prejudiced by this incompetence, because his attorney advised statement was used with a malicious and unfair intent to revoke his plea offer and unjustly have the defendant charged with first degree murder. The failure of police to thoroughly investigate the validity of the defendant's statement was an malicious ploy used to illegally pave the way for the prosecutor to pursue a First Degree Murder charge, due to the police's malicious neglect in their investigation, meant to suppress any/all evidence favorable to the defendant and which would give validation to his statement, and supporting the plea offer of manslaughter, but due to the harmful actions of the defendant's counsel to represent him zealously, the defendant was subjected to an unfair trial and effective assistance of counsel. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

R. Ground eighteen:
   Supporting FACTS (state *briefly* without citing cases or law)

Trial counsel was ineffective for failing to have the defendant subjected to a competency hearing and a psychological evaluation, being that the defendant had a history of issues dealing with psychiatric competence and a limited intellectual capacity. Trial counsels' actions were incompetent and harmful to the defendant's interests. Counsel failed to perform actions that any/all competent attorneys would have mandatorily pursued, given the defendant's past and present mental state. **This violated the defendant's 5th, 6th, & 14th Amendment rights under the United States Constitution, and Article 1 sections 1, 9, & 10 of the Constitution of the State of Iowa.**

10. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

11. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes ☐    No X

12. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing: John Wellman  505 5th Ave #506, Des Moines, Iowa  50309

    (b) At arraignment and plea: John Wellman  505 5th Ave #506, Des Moines, Iowa  50309

(e) At trial: John Wellman   505 5th Ave #506, Des Moines, Iowa  50309

(f) At sentencing: Alfredo Parrish   2910 Grand Avenue, Des Moines, Iowa  50312

(g) On appeal:   Alfredo Parrish    2910 Grand Avenue, Des Moines, Iowa  50312

(h) In any post-conviction proceeding: Gary Dickey, 301 East Walnut Street, Suite 1, Des Moines, Iowa 50309

(i) On appeal from any adverse ruling in a post-conviction proceeding: Jessica Maffitt  2912 Beaver Avenue, Des Moines, Iowa 50310

13. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☐    No X

14. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No X

(a) If so, give name and location of court which imposed sentence to be served in the future:  NA

(b) Give date and length of the above sentence:  NA

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No  X

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on __12-26-2023__.
                                                                                                                  (date)

_Craig Smith_
Signature of Petitioner

Craig Smith #0802
Iowa State Penitentiary
P.O. Box 316
Ft. Madison, Iowa 52627

legal mail

RETURN RECEIPT REQUESTED

Clerk of U.S. District Court
Southern Judicial District
123 E. Walnut Ste 300
~~P.O. Box 9344~~
Des Moines, Iowa
50309